IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE ANDERSON, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00699 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| COMMONWEALTH OF VIRGINIA, ) | Chief United States District Judge |
| et al., ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff David Wayne Anderson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Commonwealth of Virginia, the Washington County Sheriff's Office, and two detectives responsible for investigating the offenses of which he was convicted. Anderson claims that his convictions for possession of child pornography were not supported by sufficient evidence, and he seeks both "immediate release from his confinement" and monetary damages. Compl., ECF No. 1, at 7. Anderson did not pay the applicable filing fee, and court records indicate that he has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, under the three strikes provision of the Prison Litigation Reform Act, Anderson may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] See Anderson v. Roop, No. 7:22-cv-00258, 2022 U.S. Dist. LEXIS 108386, at *1 n.1 (W.D. Va. June 17, 2022) (citing Anderson v. Hale, No. 7:97-cv-00501 (W.D. Va. Sept. 17, 1997) (dismissed for failure to state a claim); Anderson v. Hale, No. 97-7344 (4th Cir. Mar. 18, 1988) (affirming dismissal for failure to state a claim); Anderson v. Lowe, No. 7:19-cv-00785 (W.D. Va. Dec. 14, 2020) (dismissed for failure to state a claim); Anderson v. Roop, No. 7:19-cv-00155 (W.D. Va. Feb. 19, 2021) (dismissed for failure to state a claim); Anderson v. Roop, No. 21-6866 (4th Cir. Dec. 15, 2021) (affirming dismissal for failure to state a claim)).

The imminent danger exception is "triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Anderson's allegations fall short of satisfying the imminent danger exception. He does not allege that he suffered any physical injury as a result of the defendants' actions or omissions, much less that he faces an imminent risk of serious physical injury. Because Anderson has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).[2] An appropriate order will be entered.

Entered: October 30, 2023

Michael F. Urbanski
Chief United States District Judge

---

[2] The court notes that to the extent Anderson challenges the fact of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)). Instead, the "sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. Court records indicate that Anderson previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which was denied on September 30, 2023. See Anderson v. Clarke, No. 7:22-cv-00272 (W.D. Va. Sept. 30, 2023). Consequently, the court declines to construe his new complaint as a petition for writ of habeas corpus. See 28 U.S.C. § 2244(b) (setting forth standards applicable to successive habeas petitions).